UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

UNITED STATES OF AMERICA
                                                :

      - v. -                                                 08 Cr. 1137 (RJS)
                                                :

ANGELA MERCEDES VALDEZ,
       a/k/a "Odelis,"                            :

                  Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA



                                                PREET BHARARA
                                                United States Attorney for the
                                                Southern District of New York


Daniel P. Chung
Assistant United States Attorney

    - Of Counsel -



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

April 27, 2010

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street, Suite 640
New York, NY 10007

      Re:    <u>United States v. Angela Mercedes Valdez, a/k/a "Odelis"</u>
             08 Cr. 1137 (RJS)

Dear Judge Sullivan:

      On January 12, 2010, the above-referenced defendant pled guilty, pursuant to a plea agreement with the Government, to one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  In that plea agreement, the defendant and the Government stipulated that a sentence within the United States Sentencing Guidelines (the "Guidelines") range of 70 to 87 months' imprisonment would constitute a reasonable sentence.  The defendant's sentencing is currently scheduled for May 4, 2010, at 10:30 a.m.  For the reasons set forth below, the Government respectfully submits that a sentence within the stipulated Guidelines range would be sufficient, but not greater than necessary, to comply with the purposes of sentencing in this case.[1]

BACKGROUND

      The defendant participated in a large-scale money laundering conspiracy through which drug trafficking proceeds from the Dominican Republic and the United States were collected, stored, and transferred or transported through various means to the chief operators of the conspiracy in the Dominican Republic, and then ultimately to the drug trafficking sources.  The

---

      [1]The Probation Office recommends that the defendant be sentenced to a term of 70 months' imprisonment, followed by a supervised release term of two years.  (Presentence Investigation Report ("PSR") at 1.)

members of the conspiracy used a variety of money laundering methods, including human couriers, wire fund transfers, deposits and withdrawals from bank accounts, and the purchase of goods, including automobiles, with the drug money and the subsequent sale of those goods.

The defendant participated in the collection of such proceeds in New York City, where she resided, along with two of her co-defendants, Evangelista Valdez (her mother), and Johnny Santana (her boyfriend). The defendant's brother, Rafael Mercedes-Valdez, was based in Santo Domingo, Dominican Republic, during the period of the conspiracy and served a number of money laundering customers in the Dominican Republic. Certain of these customers had narcotics proceeds to be collected and transferred from abroad, including New York City. At Mercedes-Valdez's direction, the defendant and her New York City-based co-conspirators accepted delivery of bulk cash from local representatives of those customers. The defendant herself stored these proceeds at her home located 2395 Grand Avenue in the Bronx. The defendant subsequently handed the proceeds to co-conspirators, who in turn ensured that the money reached Mercedes-Valdez and/or other money launderers in the Dominican Republic. The defendant participated in the collection, storage, and transfer of narcotics proceeds on at least three occasions, each involving significant amounts: approximately $450,000 in November 2007, approximately $200,000 in February 2008, and approximately $80,000 in October 2008.

## **DISCUSSION**

The Government submits that a sentence within the stipulated Guidelines range of 70 to 87 months' imprisonment would be sufficient, but not greater than necessary, to meet the legitimate purposes of sentencing.

The Guidelines still provide strong guidance to the Court in light of United States v. Booker, 543 U.S. 220 (2005), although they are no longer mandatory. "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that range "should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). As the Second Circuit has recently remarked en banc, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice." United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008) (internal quotation marks omitted). The Guidelines' relevance throughout the sentencing process stems in part from the fact that, while they are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," Rita v. United States, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," Gall, 128 S. Ct. at 594.; see also Rita 127 S. Ct. at 2464. After making the initial Guidelines calculation, a sentencing judge must then consider seven factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing outlined in Section 3553(a)(2). Gall,128 S. Ct. at 596-97. To the extent a District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification

is sufficiently compelling to support the degree of the variance.'" Cavera, 550 F.3d at 188 (quoting Gall, 128 S. Ct. at 596).

Two crucial Section 3553(a) sentencing factors counsel in favor of a sentence within the stipulated Guidelines range of 70 to 87 months. First, the nature of her offense is severe and calls for a substantial punishment. The defendant's participation in the money laundering conspiracy spanned at least one year, during which she played an essential role in the laundering of hundreds of thousands of dollars in narcotics trafficking proceeds. While the proceeds were collected locally – and presumably from local drug sales – they were ultimately destined for overseas drug sources in the Dominican Republic. A below-Guidelines sentence will not account for the sheer dollar amount laundered by the defendant as well as her awareness that the money came from narcotics trafficking. See United States v. Gamez, 1 F. Supp. 2d 176, 182 (E.D.N.Y. 1998) ("[G]iven the dangers of money laundering and the opportunities that it creates for drug dealers to engage in profitable drug trafficking, it is sensible to impose a heavier penalty" where it is demonstrated that the defendant had knowledge that the money came from narcotics trafficking.).

Moreover, the Government disagrees with the defendant's assessment that "of all the people charged in [the] conspiracy she is the least culpable and the lowest person on the organizational chart." (Def. Sentencing Ltr. at 1). To the contrary, she played an important role in the New York City side of the conspiracy in taking and safekeeping significant amounts of narcotics proceeds, counting the money, and ensuring that they reached the hands of co-conspirators who would eventually arrange for the transport or transfer of the money to the Dominican Republic. While such activity may not call for a role-based sentencing enhancement, it certainly does not merit a downward role-based adjustment. The plea agreement reflects that assessment by the parties.

Second, deterrence principles support a sentence within the stipulated Guidelines range. As the Court is well aware, laundering of narcotics trafficking proceeds allows narcotics trafficking to continue and thrive. That the defendant may not have handled or even seen any narcotics is irrelevant. By playing a part in ushering hundreds of thousands of dollars in drug money back to overseas drug suppliers, the defendant ensured that the suppliers had the necessary funds to continue to produce, transport, and distribute narcotics. A sentence within the stipulated Guidelines range serves deterrence principles by dispelling any notion that laundering of narcotics proceeds is unrelated or subsidiary to narcotics trafficking, or constitutes a far less serious crime than narcotics trafficking.

## CONCLUSION

The Government respectfully requests that the Court impose a sentence within the Guidelines range of 70 to 87 months' imprisonment, as it is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/S/_____
Daniel P. Chung/Edward Y. Kim
Assistant United States Attorneys
(212) 637-2417/2401

Cc: David Touger, Esq.